[Civ. No. 12238. Second Appellate District, Division One.—January 30, 1941.]

MARY ALICE FRITSCHE, Respondent, v. THOMAS F. McCUE, Appellant.

Thomas F. McCue, *in pro. per.*, for Appellant.

G. P. Adams and Charles E. Beardsley for Respondent.

DORAN, J.—The appeal herein involves a consideration of two actions; the first, an action by Mary A. Fritsche against Thomas F. McCue wherein plaintiff sued as executrix of the estate of her husband and in which action plaintiff recovered judgment. The second action is based upon the judgment obtained in the said first action, which judgment, it is alleged was distributed to Mary A. Fritsche by administration. Thomas F. McCue is defendant in both actions.

The appeal herein is from a judgment for plaintiff in the second action.

The record reveals that the original action was on a promissory note executed by defendant in favor of A. E. Fritsche, whose estate Mary A. Fritsche was administering when the first action was filed and reduced to judgment.

In that first action defendant McCue defended on the grounds that there was no consideration for the note and that said note was delivered pursuant and according to an agreement between the maker and the payee which agreement was afterwards mutually rescinded; that the payee A. E. Fritsche had agreed to and intended to return said note to defendant but had died without having done so. At the trial of the first action the court found against defendant on all defenses and gave judgment for plaintiff. No appeal was taken and the judgment is final.

In the instant action, which, as above noted, is based on the first judgment, defendant seeks to defend on the same grounds set up in the answer to the first action. In addition and by cross-complaint defendant undertakes to set up an equitable defense in which, among other things, an effort to allege a fraudulent conspiracy appears. It is unnecessary to recite the details thereof, except to note that such purported conspiracy is based upon the alleged failure of plaintiff to reveal to defendant the fact that A. E. Fritsche had died and that plaintiff had concealed from the court at the first trial certain facts that, if revealed, would have established defendant's defenses.

■ At the trial of the present action, objections to any inquiry as to the matters above noted were sustained on the ground that the same were *res judicata*. The ruling is assailed as error, for it is contended by appellant that by reason thereof the so-called equitable defenses were foreclosed.

There is no merit to the contention. An examination of the so-called equitable defenses reveals them to be the same in substance as the defenses relied upon at the trial of the first action. ■ With regard to the allegations setting forth the respondent's failure to reveal certain facts at the first trial, it does not appear that any obligation so to do, moral or legal, existed. In the circumstances, no fraud results from such action.

There are no errors in the record and the judgment is affirmed.

York, P. J., and White, J., concurred.